{IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENNIS RUSSELL,<br><br>    Plaintiff,<br><br>    v.<br><br>DET. PARISI 1181, UNKNOWN OFFICERS, the LAKE COUNTY SHERIFF'S DEPARTMENT, and the COUNTY OF LAKE,<br><br>    Defendants. | No.<br><br>FILED: MAY 7, 2008<br>08CV2641           CEM<br>JUDGE MANNING<br>MAGISTRATE JUDGE NOLAN |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through Horwitz, Richardson, & Baker LLC., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit DET. PARISI 1181, and UNKNOWN OFFICERS, (hereinafter, the "DEFENDANT OFFICERS"), and the COUNTY OF LAKE.

## JURISDICTION

1.   The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.   PLAINTIFF is a resident of the State of Illinois and of the United States.

3.   The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the COUNTY OF LAKE.

1

4.	The COUNTY OF LAKE is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein).  At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the COUNTY OF LAKE.

## **FACTS**

5.	On or about January 2008, the DEFENDANT OFFICERS seized PLAINTIFF's property.

6.	Following the conclusion of PLAINTIFF's criminal case, Case Number 08CF138 in the Circuit Court of the Nineteenth Judicial Circuit of Lake County Illinois, the Court ordered the Lake County Sheriff Department to return to PLAINTIFF his seized property.

7.	On or about April 22, 2008, the DEFENDANT OFFICERS refused to return PLAINTIFF's property in violation of the Court's order

8.	As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

9.	On or about April 22, 2008, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the COUNTY OF LAKE via the LAKE COUNTY SHERIFF'S DEPARTMENT.  The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.  This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

10.	Upon information and belief, UNKNOWN OFFICERS, on January of 2008, seized PLAINTIFF's property.

11.Upon information and belief, DET. PARISI 1181, on April 22, 2008, interacted with PLAINTIFF.

12.Upon information and belief, UNKNOWN OFFICERS, on April 22, 2008, interacted with PLAINTIFF.

## CONSPIRACY

13.Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

a.agreeing to wrongfully withhold PLAINTIFF's property from PLAINTIFF in violation of a court order;

b.agreeing not to report each other after wrongfully withholding PLAINTIFF's property from PLAINTIFF in violation of a court order.

14.In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about April 22, 2008, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, incur financial loss, and suffer emotionally.

## EQUAL PROTECTION

15.The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which caused PLAINTIFF to be deprived of his property, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

16. With regard to an Equal Protection Claim, PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis. PLAINTIFF was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by withholding PLAINTIFF's property. Further, PLAINTIFF was similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Lake County Sheriff Department Sheriff's.

### *MONELL* ALLEGATIONS

17. It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the COUNTY OF LAKE to perform the following acts and/or omissions:

   a. generate false documentation to cover-up for the misconduct of fellow police officers;

   b. engage in acts of unreasonable seizure of property;

   c. fail to properly discipline officers from said police department who have committed act(s) of unreasonable seizure of property;

   d. fail to properly investigate a complaint of unreasonable seizure of property perpetrated by a COUNTY OF LAKE police officer upon another;

   e. fail to take proper remedial action against a COUNTY OF LAKE police officer once it is determined that an act of unreasonable seizure of property has been committed by said officer upon another;

   f. allow misconduct to occur in various types and severity such that police officers believe that they can engage in unreasonable seizure of property without repercussions and/or significant repercussions;

g.  fail to provide adequate sanctions/discipline to officers who commit unreasonable seizure of property such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h.  fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* unreasonable seizure of property;

i.  fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* unreasonable seizure of property;

j.  fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the COUNTY OF LAKE police department;

k.  fail to properly investigate officers who commit acts of unreasonable seizure of property such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

l.  fail to take proper remedial action with officers who commit acts of unreasonable seizure of property such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

m.  fail to provide proper training to prevent officers from committing acts of unreasonable seizure of property and violating the rules, policies and procedures of the COUNTY OF LAKE police department.

18.  This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the COUNTY OF LAKE for a significant period of time, so much so, that police officers for the COUNTY OF LAKE recognize that they will not be punished for committing said acts

and that, in fact, said acts are either permitted or quietly consented to by superior officers of the COUNTY OF LAKE police department in order to permit said conduct to re-occur.

19. A code of silence exists between officers of the Defendant Municipality. This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct). This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

## COUNT I
### § 1983 Conspiracy Claim

20. PLAINTIFF re-alleges paragraphs 1 – 19 as though fully set forth herein.

21. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
### Conspiracy Claim – State Law

22. PLAINTIFF re-alleges paragraphs 1 – 19 as though fully set forth herein.

23. The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT

OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

### COUNT III
### § 1983 Unlawful Seizure of Property

24.   PLAINTIFF re-alleges paragraphs 1 – 19 as though fully set forth herein.

25.   The DEFENDANT OFFICERS seized and/or withheld and/or destroyed the property of the PLAINTIFF property without legal justification.

26.   The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

### COUNT IV
### § 1983 Equal Protection – Class of One

27.   PLAINTIFF re-alleges paragraphs 1 – 19 as though fully set forth herein.

28.   The actions of THE DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

29.   The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the

DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

### **COUNT V –** *Monell*

30. PLAINTIFF re-alleges paragraphs 1 – 19 as though fully set forth herein.

31. As a direct and proximate result of the aforementioned acts and omissions by Defendant COUNTY OF LAKE there existed a custom, practice, policy, and/or pattern, either implicit or explicit, of the COUNTY OF LAKE in which officers were not held accountable for their wrongful and/or illegal acts.

32. Said custom, practice, policy, and/or pattern of the COUNTY OF LAKE encouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of the OFFICERS.

33. As a direct and proximate result of said custom, practice, policy, and/or pattern, either implicit or explicit, of the COUNTY OF LAKE, PLAINTIFF was injured in a personal and pecuniary manner.

WHEREFORE, PLAINTIFF demands compensatory damages against the COUNTY OF LAKE, costs and attorneys' fees.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

### **COUNT VI**
### **745 ILCS 10/9-102 Claim Against the COUNTY OF LAKE**

34. PLAINTIFF re-alleges paragraphs 1 – 19 as though fully set forth herein.

35. Defendant COUNTY OF LAKE is the employer of the DEFENDANT OFFICERS alleged above.

36. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the COUNTY OF LAKE.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the COUNTY OF LAKE pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint.

## COUNT VII
### Supplementary Claim for *Respondeat Superior*

37.     PLAINTIFF re-alleges paragraphs 1 – 19 as though fully set forth herein.

38.     The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant COUNTY OF LAKE, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the COUNTY OF LAKE and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

39.     Plaintiff demands trial by jury.

Respectfully submitted,

s/ Blake Horwitz_____
Attorney for the Plaintiff
Blake Horwitz

**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603

Ph (312) 676-2100
Fax (312) 372-7076

10