IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENNIS RUSSELL,<br><br> Plaintiff,<br><br> v.<br><br>DET. PARISI 1181, UNKNOWN OFFICERS, the LAKE COUNTY SHERIFF'S DEPARTMENT, and the COUNTY OF LAKE,<br><br> Defendants. | Judge Manning<br>Magistrate Judge Nolan<br><br>No. 08-c-2641 |

## JOINT STATUS REPORT

 NOW COMES the Plaintiff, by and through Erica Faaborg of Horwitz, Richardson & Baker LLC, and the Defendants, by and through their attorneys Thomas Anger and Daniel Field, and submit to this Court the following joint status report of the parties:

 1.  The lead attorneys on the case are Blake Horwitz for the Plaintiff and Daniel Field for the Defendants.  These are the attorneys that will try the case if it goes to trial.

 2.  Basis for federal jurisdiction: 42 U.S.C. § 1983; 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

 3.  Nature of the claims asserted in the complaint and any counterclaims: The Plaintiff alleges he was falsely arrested and criminally charged and brings claims of § 1983 wrongful seizure of property, § 1983 equal protection class of one, a *Monell* claim, § 1983 conspiracy, conspiracy (state law claim), an indemnity claim against the County of Lake under 745 ILCS 10/9-102, and a supplementary *respondeat superior* claim.

 4.  The name of any party not yet served and the circumstances regarding non-service: All named Defendants have been served and have appeared through counsel.  There are unknown

Officers named as Defendants.  Once initial discovery begins and these individuals are identified, Plaintiff will seek leave to amend the Complaint to include these individuals.

     5. Principal legal issues: the probable cause standard for seizure of property, the elements of conspiracy and equal protection class of one claims, and *Monell* liability issues.

     6. Principal factual issues: whether the Defendants had any basis to seize Plaintiff's personal property and, subsequently, the Defendants' procedures for inventorying property seized such that it is properly returned.

     7. Whether a jury trial is expected by either party: both parties have demanded a trial by jury.

     8. A short description of any discovery undertaken to date and any anticipated in the future: no discovery has occurred to date.  The parties expect to use the normal discovery devices, including requests for production, interrogatories, requests for admission, and depositions.  At this juncture, the parties do not anticipate exceeding the ten (10) depositions allotted by the Federal Rules of Procedure and do not anticipate needing more than the seven (7) hours allotted for each such deposition.  The parties propose the following discovery schedule:

         a.    Fact discovery to be completed by December 30, 2008.

         b.    Plaintiff to disclose expert witnesses by February 15, 2009.

         c.    Defendant to disclose expert witnesses by March 15, 2009.

     9. The earliest date the parties will be ready for trial and the length of the trial: The parties believe they can be ready for trial in approximately seven months (May 15, 2009) and anticipate the trial lasting 2-3 days.

     10. Whether or not the parties unanimously consent to proceed before a Magistrate Judge: the parties do not unanimously consent to proceed before a Magistrate Judge at this time.

11. The status of any settlement discussions and whether the parties request a settlement conference: Plaintiffs anticipate making a demand shortly.

Respectfully Submitted,

s/ Erica Faaborg  
Horwitz, Richardson & Baker LLC  
20 S. Clark, Suite 500  
Chicago, IL 60603

s/Daniel Playfair Field  
Scariano, Himes & Petrarca  
209 W. Madison Street  
Waukegan, Illinois 60085-4345